HEIRS OF RAMÓN CUADRA-RODRÍGUEZ and MARÍA JOSÉ GÓMEZ, Plaintiffs and Appellees, *v.* JOSEFA LÓPEZ-CUADRA and her husband, MANUEL BUSTELO-GUTMAN, Defendants and Appellants.

No. 3577. Argued May 28, 1925.—Decided May 18, 1926.

*Arturo Aponte* and *M. Tous Soto* for the appellants.   *González Fagundo & González, Jr.,* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellees, as heirs of Ramón Cuadra Rodríguez, brought an action of revendication against Josefa López Cuadra and her husband, Manuel Bustelo Gutman, alleging that their ancestor was the owner of a real property of 40 acres situated in the ward of Candelario Abajo of the municipality of Humacao and recorded in his name in the registry of property; that he segregated from it and sold to Pedro Regalado López a parcel of 15.21 acres and that the remaining 24.79 acres described belong to the plaintiffs by title of inheritance, but the defendants have been in possession of it unlawfully, in bad faith and without title since the year 1900.

The defendants denied the allegations of the complaint although in the new matter set up as defense they admitted that Pedro Regalado López bought from the ancestor of the plaintiffs 15.21 acres of land which formed a part of another property of greater acreage. After trial a judgment was rendered ordering the defendants to return to the plaintiffs the property sued for and from that judgment they took this appeal.

The first error assigned by the appellants in support of their appeal is that the court below erred in admitting in evidence a certain certificate from the Registry of Property of Humacao.

In order to show that the plaintiffs are the owners of the 24.79 acres sued for they presented an abstract certificate issued by the Registrar of Property of Humacao which contains no literal copy of the entries appearing in the registry in regard to the property in controversy, as admitted by the appellees in their brief, but an abstract giving the

registrar's conclusions of what appears from the books. The certificate was admitted in evidence by the court over the objection of the defendants.

Although section 290 of the Mortgage Law authorizes registrars of property to issue literal or abstract certificates of what appears from their books, according as they may be requested or ordered, when what appears from the registry is sought to be proved in a suit, a literal certificate of the entries must be presented when an abstract certificate is not specifically authorized by the Mortgage Law, for that is the manner of proving in court the public records as provided by sections 69 (No. 6) and 74 of the Law of Evidence; therefore the certificate containing an abstract of the entries was improperly admitted in this case, such evidence because of its primary nature excluding the secondary evidence of witnesses. We do not mean to say that by virtue of the provisions of the Law of Evidence the Mortgage Law has been repealed in so far as it allows the issuance of abstract certificates when they are requested, but that to prove in a suit the entries appearing in the registry of property a literal certificate of them must be presented.

As the error committed by the court below in admitting the said certificate is fundamental because it refers to the proof of the title on which the plaintiffs base their right, the judgment appealed from must be reversed and a new trial ordered.